## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

**UNITED STATES OF AMERICA,**

                  **Plaintiff,**

**v.**                                   **Preliminary Jury Instructions**
                                         **Criminal No. 05-120 (MJD/RLE)**

**JEFFREY SCOTT BREDE,**

                  **Defendant.**

---

Richard A. Newberry, Jr., Assistant United States Attorney, Counsel for the Government.

Craig S. Hunter, Esq., Counsel for Defendant.

---

On April 12, 2005, Defendant was indicted on one count of making a false statement in the acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6) and one count of receiving a firearm while under indictment or information for a felony in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D).[1] On July 18, 2005, the Parties appeared before this Court for a pretrial conference. Jury selection was to commence immediately following the conference, and trial was to begin once a jury was selected.

---

[1] At the pretrial conference, Counsel for the Government indicated that there is a typographical error in the Indictment, and that the reference to § 922(a)(1)(D) should actually be to § 922(a)(1)(A).

At the pretrial conference, the Parties argued Defendant's motion in limine and discussed proposed jury instructions. After the Court ruled from the Bench on certain proposed jury instructions, and indicated to the Parties its rulings on certain aspects of Defendant's motion and the Government's opposition, Defendant waived his right to a jury trial and pled guilty to Count 2 of the Indictment. The Government agreed to dismiss Count 1 of the Indictment at sentencing if Defendant pled guilty to Count 2.

Defendant chose to plead guilty, at least in part, because of the Court's rulings regarding Defendant's proposed jury instructions. In an attempt to create a thorough record for appeal, the Court and the Parties engaged in extensive discussion during the pretrial conference and during Defendant's plea. To further develop the record, the Court now provides its preliminary jury instructions.

Dated: July 19, 2005

s/ Michael J. Davis
Michael J. Davis
United States District Court

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.05-120 (MJD/RLE)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PRELIMINARY JURY INSTRUCTIONS |
| | ) | |
| JEFFREY SCOTT BREDE, | ) | |
| | ) | |
| Defendant. | ) | |

## JURY INSTRUCTION NO. 1.

Members of the Jury:

Now that you have heard all of the evidence to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court – those given to you at the beginning of the trial, those given to you during the trial, and these final instructions – must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by

the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the Indictment and the plea of not guilty by the Defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice – through trial by jury – depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

## JURY INSTRUCTION NO. 2.

I instruct you that you must presume the Defendant to be innocent of the crimes charged. Thus the Defendant, although accused of crimes in the Indictment, begins the trial with a "clean slate" – with no evidence against him. The Indictment, as you already know, is not evidence of any kind. The Defendant is, of course, not on trial for any act or crime not contained in the Indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the Defendant. The presumption of innocence alone therefore, is sufficient to acquit the Defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The Defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense – the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that the Defendant has committed each and every element of the offense charged in the Indictment, you must find the Defendant not guilty of the offense. If the jury views the evidence in the case as reasonably permitting either of two conclusions – one of innocence, the other of guilt – the jury must, of course, adopt the conclusion of innocence.

JURY INSTRUCTION NO. 3.

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them, all exhibits received in evidence, regardless of who may have produced them, all facts which may have been admitted to or stipulated; and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved. You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court, must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not proper evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify

or as the exhibits are admitted. You are permitted to draw from the facts which
you find have been proved such reasonable inferences as you feel are justified in
the light of your experience and common sense.

## JURY INSTRUCTION NO. 4.

There are two types of evidence which are generally presented during a trial – direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

<u>JURY INSTRUCTION NO. 5.</u>

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight that their testimony deserves.  After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment you should carefully scrutinize all of the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness, in your opinion, is worthy of belief.  Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand.  Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters.  Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an incident or a

transaction may simply see or hear it differently.  Innocent misrecollection, like

failure of recollection, is not an uncommon experience.  In weighing the effect of

discrepancy, however, always consider whether it pertains to a matter of

importance or an insignificant detail and consider whether the discrepancy results

from innocent error or intentional falsehood.

After making your own judgment or assessment concerning the believability

of a witness, you can then attach such importance or weight to that testimony, if

any, that you feel it deserves.  You will then be in a position to decide whether the

government has proven the charges beyond a reasonable doubt.

## JURY INSTRUCTION NO. 6.

Effect of the Defendant's Failure to Testify

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that Defendant Jeffrey Scott Brede did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

## JURY INSTRUCTION NO. 7.

Credibility of Witnesses – The Defendant as a Witness


You should judge the testimony of Defendant Jeffrey Scott Brede in the same

manner as you judge the testimony of any other witness in his case.

<u>JURY INSTRUCTION NO. 8.</u>

[The parties respectfully request that the Court read the Indictment to the jury.]

## JURY INSTRUCTION NO. 9.

The Nature of the Offense Charged

Count I

Count 1 of the Indictment charges that on or about the 26th day of February, 2005, in the State and District of Minnesota, Defendant Brede knowingly made a false and fictitious written statement concerning a fact material to the lawfulness of the sale or other disposition of a firearm by a licensed dealer.

<u>JURY INSTRUCTION NO. 10.</u>

The Statute Defining the Offense Charged

Count I

Section 922(a)(6) of Title 18 of the United States Code provides, in part, that:

"It shall be unlawful ... for any person in connection with the acquisition ... of any firearm ... from a licensed dealer, ... knowingly to make any false or fictitious oral or written statement ... likely to deceive such ... dealer ... with respect to any fact material to the lawfulness of the sale or other disposition of such firearm ..."

<u>JURY INSTRUCTION NO. 11.</u>

The Essential Elements of the Offense Charged

Count I

In order to sustain its burden of proof for the crime of knowingly making a false statement in the acquisition of a firearm as charged in Count 1 of the Indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

One: Defendant Brede made a false or  fictitious statement or representation to a licensed dealer as detailed in Count 1 of the Indictment;

Two: In making the false, fictitious, or fraudulent, statement, Defendant Brede acted knowingly;

Three: The statement was likely to deceive such ... dealer ... with respect to a fact material to the lawfulness of the sale or other disposition of the firearm in Count 1.

## JURY INSTRUCTION NO. 12.

"False, Fictitious, or Fraudulent Statements or Representations" – Defined


A false or fictitious statement or representation is an assertion which is untrue when made or when used and which is known by the person making it or using it to be untrue.

## JURY INSTRUCTION NO. 13.

In order to find that Defendant Brede knowingly made a false statement on ATF Form 4473 as charged in Count 1, the jury is not required to find that the Defendant actually read the form or had it read to him, if the jury finds from the evidence beyond a reasonable doubt that the Defendant acted with reckless disregard of whether the statements were true or with a conscious purpose to avoid learning the truth.

The jury is instructed that all the circumstances surrounding the transaction are to be considered in determining whether the Defendant was adequately alerted to read Form 4473 by the form itself or by other factors.

## <u>JURY INSTRUCTION NO. 14.</u>

"Deliberate Ignorance" - Explained


The government may prove that the Defendant, Jeffrey Scott Brede,  acted "knowingly" by proving, beyond a reasonable doubt, that this defendant deliberately closed his eyes to what would otherwise have been obvious to him. No one can avoid responsibility for a crime by deliberately ignoring what is obvious. A finding beyond a reasonable doubt of an intent of the Defendant Jeffrey Scott Brede to avoid knowledge or enlightenment would permit the jury to find knowledge. Stated another way, a person's knowledge of a particular fact may be shown from a deliberate or intentional ignorance or deliberate or intentional blindness to the existence of that fact.

It is, of course, entirely up to you as to whether you find any deliberate ignorance or deliberate closing of the eyes and any inferences to be drawn from any such evidence.

You may not conclude that the Defendant Jeffrey Scott Brede had knowledge, however, from proof of a mistake, negligence, carelessness, or a belief in an inaccurate proposition.

## JURY INSTRUCTION NO. 15.

The Nature of the Offense Charged

Count II

Count 2 of the Indictment charges that on or about the 5th day of March, 2005, in the State and District of Minnesota, Defendant Brede, a person under indictment or information, knowingly received a firearm that had been shipped or transported in interstate commerce.

<u>JURY INSTRUCTION NO. 16.</u>

The Statute Defining the Offense Charged

Count II

Section 922(n) of Title 18 of the United States Code provides, in part, that:

"It shall be unlawful for any person –

... who is under indictment for a crime punishable by imprisonment for a term exceeding one year ... to receive any firearm ... which has been shipped or transported in interstate commerce."

<u>JURY INSTRUCTION NO. 17.</u>

The Essential Elements of the Offense Charged

Count II

In order to sustain its burden of proof for the crime of receiving a firearm as charged in Count 2 of the Indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

One: Defendant was under indictment for a crime punishable by imprisonment for a term exceeding one year;

Two: During the time Defendant was under indictment, Defendant Brede knowingly received the firearm described in Count 2 of the Indictment; and

Three: Such receipt was in or affecting interstate or foreign commerce.

JURY INSTRUCTION NO. 18.


In order to sustain its burden of proof as to Count 2, the government must prove that Defendant Brede knew that he received a firearm.  However, the government need not prove that Defendant knew that he was prohibited from receiving a firearm or that he knew that the firearm affected interstate commerce.

## JURY INSTRUCTION NO. 19.

A complaint issued by a prosecuting attorney in the state courts of Minnesota is a formal accusation of a crime by a prosecutor.  Such a complaint is equal to an indictment or information as used in this case.

<u>JURY INSTRUCTION NO. 20.</u>

"Crime Punishable by Imprisonment for a Term Exceeding One Year" – Defined

The phrase "crime punishable by imprisonment for a term exceeding one year" generally means a crime which is a felony. The phrase does not include any state offense classified by the laws of that state as a misdemeanor and punishable by a term of imprisonment of two years or less and certain crimes concerning the regulation of business practices.

I hereby instruct you that the crimes of criminal sexual conduct in the First Degree and Second Degree are each a crime in the State of Minnesota punishable by imprisonment for a term exceeding one year as that phrase is used in these instructions.

## JURY INSTRUCTION NO. 21.

"Firearm" – Defined


The term "firearm" means "(A) any weapon, (including a starter gun), which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. The term 'firearm' does not include an antique firearm."

JURY INSTRUCTION NO. 22.

"Receive" – Defined

The term "receive" means to acquire or obtain possession of an item whether such receipt is actual or constructive, sole or joint.

JURY INSTRUCTION NO. 23.


The term "knowingly" as used in these instructions to describe the alleged state of mind of the Defendant, means that he was conscious and aware of his action, realized what he was doing or what was happening around him, and did not act or fail to act because of ignorance, mistake, or accident.

## JURY INSTRUCTION NO. 24.

As used in Counts 1 and 2, the phrase "in or affecting commerce" includes commerce between any place in a State and any place outside of that State.

The government may meet its burden of proof on the question of being "in or affecting commerce" by proving beyond a reasonable doubt, that the firearm identified in the Second Superseding Indictment, had traveled (at any time) across a state boundary line.

If you have found beyond a reasonable doubt that the firearm in question was manufactured in a state other than Minnesota and the Defendant possessed that firearm in the State of Minnesota then you may, but are not required to, find that it was transported across a state line.

Knowledge by the Defendant of the interstate travel of the firearm is not necessary to prove the offense. The Defendant does not have to personally participate in the interstate movement of the firearm.

JURY INSTRUCTION NO. 25.


Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the Defendant, and all the facts and circumstances in evidence which may aid in a determination of Defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural consequences of acts knowingly done or knowingly omitted.

<u>JURY INSTRUCTION NO. 26.</u>

The Indictment charges that the offenses alleged in the Indictment were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

<u>JURY INSTRUCTION NO. 27.</u>

Upon retiring to your jury room to begin your deliberation, you will elect one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges – judges of the facts of this case.  Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered.  Nothing that

I have said or done during the course of this trial is intended in any way, to

somehow suggest to you what I think your verdict should be.  Nothing said in

these instructions and nothing in any form of verdict prepared for your

convenience is to suggest or convey to you in any way or manner any intimation

as to what verdict I think you should return.  What the verdict shall be is the

exclusive duty and responsibility of the jury.  As I have told you many times, you

are the sole judges of the facts.

The punishment provided by law for the offenses charged in the indictment

is a matter exclusively within the province of the Court and should never be

considered by the jury in any way in arriving at an impartial verdict as to the

offenses charged.

A form of verdict has been prepared for your convenience.

[Please read the form of verdict to the jury]

You will take this form to the jury room and, when you have reached

unanimous agreement as to your verdict, you will have your foreperson write your

verdict, date and sign the form, and then return with your verdict to the

courtroom.

If it becomes necessary during your deliberations to communicate with the

Court, you may send a note, signed by your foreperson or by one or more

members of the jury, through the bailiff.  No member of the jury should ever

attempt to communicate with the Court by any means other than a signed writing

and the Court will never communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person--not even to the Court--how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.05-120 (MJD/RLE)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | VERDICT FORM |
| | ) | |
| JEFFREY SCOTT BREDE, | ) | |
| | ) | |
| Defendant. | ) | |

We, the Jury, unanimously, find the following:

## **Count 1**

As to the crime of knowingly making a false statement in the acquisition of a firearm as charged in Count 1 of the Indictment, we, the jury, find the defendant Jeffrey Scott Brede

_____ GUILTY.                    _____ NOT GUILTY.

## **Count 2**

As to the crime of receipt of a firearm by a person under indictment or information for a felony as charged in Count 2 of the Indictment, we, the jury, find the defendant Jeffrey Scott Brede

_____ GUILTY.                    _____ NOT GUILTY.

Date: _____                    _____
                                 FOREPERSON